UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on July 1, 2026

| | |
|---|---|
| UNITED STATES OF AMERICA | : CRIMINAL NO. |
| | : |
| v. | : MAGISTRATE NO. |
| | : |
| SAMUEL ROACH, and | : VIOLATIONS: |
| TIEVON HENDERSON | : 18 U.S.C. § 922(g)(1) |
| | : (Unlawful Possession of a Firearm and |
| Defendants. | : Ammunition by a Person Convicted of a |
| | : Crime Punishable by Imprisonment for a |
| | : Term Exceeding One Year) |
| | : |
| | 22 D.C. CODE § 4503.01 |
| | (Unlawful Discharge of a Firearm) |
| | |
| | FORFEITURE: |
| | 18 U.S.C. § 924(d); 21 U.S.C. § 853(p); and |
| | 28 U.S.C. § 2461(c) |

## INDICTMENT

The Grand Jury charges that:

### COUNT ONE

On or about March 24, 2026, within the District of Columbia, **SAMUEL ROACH**, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in the United States District Court for the District of Columbia, Case Number 23-cr-000135, and in the Superior Court for the District of Columbia, Case Number 2016-CF3-012065, did unlawfully and knowingly receive and possess a firearm, that is, a .45 caliber Glock 30S, semi-automatic handgun, and did unlawfully and knowingly receive and possess ammunition,

that is, .45 caliber ammunition, which had been possessed, shipped and transported in and affecting interstate and foreign commerce.

**(Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year**, in violation of 18 U.S.C. § 922(g)(1))

## COUNT TWO

On or about March 24, 2026, within the District of Columbia, **SAMUEL ROACH**, did unlawfully discharge and set off a firearm without a valid permit to do so.

**(Unlawful Discharge of a Firearm (Felony)**, in violation of 22 D.C. Code, Section 4503.01 (2001 ed.))

## COUNT THREE

On or about April 23, 2026, within the District of Columbia, **SAMUEL ROACH**, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in the United States District Court for the District of Columbia, Case Number 23-cr-000135, and in the Superior Court for the District of Columbia, Case Number 2016-CF3-012065, did unlawfully and knowingly receive and possess a firearm, that is, a .45 caliber Glock 30S, semi-automatic handgun, and did unlawfully and knowingly receive and possess ammunition, that is, .45 caliber ammunition, which had been possessed, shipped and transported in and affecting interstate and foreign commerce.

**(Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year**, in violation of 18 U.S.C. § 922(g)(1))

## COUNT FOUR

On or about April 23, 2026, within the District of Columbia, **TIEVON HENDERSON**, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in the Superior Court for the District of Columbia, Case Number 2021-FD1-

2

004817, and in Montgomery County, Maryland, Case Number 135382C, and in the Superior Court for the District of Columbia, Case Number 2015-CF3-001714 and also in Case Number 2013-CF2-000054, did unlawfully and knowingly receive and possess a firearm, that is, a 9mm Sig Sauer P365, semi-automatic handgun, and did unlawfully and knowingly receive and possess ammunition, that is, 9mm ammunition, which had been possessed, shipped and transported in and affecting interstate and foreign commerce.

**(Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year**, in violation of 18 U.S.C. § 922(g)(1))

## FORFEITURE ALLEGATION

Upon conviction of the offenses alleged in Counts One, Two, Three, and Four of this Indictment, the defendants shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in or used in the knowing commission of the offense, including but not limited to: a .45 caliber Glock 30S, semi-automatic handgun and .45 caliber ammunition; a 9mm Sig Sauer P365 semi-automatic handgun and 9mm ammunition.

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

(a)     cannot be located upon the exercise of due diligence;

(b)     has been transferred or sold to, or deposited with, a third party;

(c)     has been placed beyond the jurisdiction of the Court;

(d)     has been substantially diminished in value; or

3

(e)     has been commingled with other property that cannot be subdivided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

(**Criminal Forfeiture**, pursuant to Title 18, United States Code, Section 924(d), Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c))

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

A TRUE BILL:

By: _____
GAURI GOPAL
Assistant United States Attorney

FOREPERSON.

4